## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Ammerson C. Bates,** | ) | **CASE NO. 1:14 CV 307** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | <u>**Memorandum of Opinion and Order**</u> |
| **Trinity Floyd,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

*Pro se* Plaintiff Ammerson C. Bates brings this action under 42 U.S.C. § 1983 against Richland Correctional Institution ("RCI") Health Care Administrator Trinity Floyd, and Ohio Department of Rehabilitation and Correction ("ODRC") Chief Medical Inspector Mona Parks. In the Complaint, Plaintiff claims dental staff at RCI will not provide him with a new, free set of dentures.   He seeks $ 720,000.00 in damages, and an order from the Court to provide him with the free dentures.

### BACKGROUND

Plaintiff alleges he needs a new set of dentures.  He indicates his upper plate is rubbing against his gums, making it difficult for him to chew.  He contends he discussed this with the RCI dentist.  He was advised by the dentist that his current dentures were fine, and could be

adjusted if needed.  Plaintiff disagreed that they can be adjusted without a lower plate, and requested a partial denture.  His request was denied.  He was told "[f]abrication of partial dentures shall be done at the discretion of the institution dentist only.  Having one or more missing teeth does not necessarily make an inmate eligible for a partial denture."  (ECF No. 1-1 at 5).  The dentist informed him he could purchase dentures at his own cost.  In addition, Plaintiff was told that due to the amount of time and number of appointments needed to fabricate partial dentures, inmates serving sentences of three years or less, and those with less than six months remaining on their sentences before release are ineligible for this service. Plaintiff is serving a sentence of just under three years.  He filed a supplemental pleading reiterating these allegations and asserting the Defendants violated his Eighth Amendment rights.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## **DISCUSSION**

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' "  *Id.* at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration.  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel."  *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999).

In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. *Id.* It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one.

-4-

"Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03–2633, 2004 WL 2203585 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). The Court must first determine whether Plaintiff's medical condition is sufficiently serious to invoke Eighth Amendment protection.  If the condition is sufficiently serious, the Court will then proceed to inquire whether the Defendants exhibited deliberate indifference to Plaintiff's medical condition.

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).  Dental needs have been recognized as potentially falling into the category of "serious medical needs." *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir.1980).  Nevertheless, not all dental problems constitute serious medical needs.  Rather, "[a] cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).  Here, Plaintiff alleges he has difficulty chewing his food and has lost weight as a result of the condition.  On the face of the Complaint, Plaintiff's allegations suggest his dental condition may plausibly be considered sufficiently serious to satisfy the objective criteria for his claim.

Plaintiff, however, fails to satisfy the subjective criteria.  The subjective component of an Eighth Amendment claim requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03.  Deliberate

indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Id.* at 834. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. *Id.*

In this case, Plaintiff has been treated by a dentist. The dentist reported that Plaintiff's dentures were fine and an adjustment could be made to them. Plaintiff disagrees with this course of action and wants a new partial denture. When a prisoner has received some medical attention for a medical issue and the dispute centers on whether the treatment was adequate, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (internal quotation marks and citation omitted). A prisoner who is receiving treatment for his medical or dental condition will state an Eighth Amendment claim only when the treatment provided is "so grossly incompetent, inadequate, or excessive as to shock the conscience." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002). These claims must suggest more than medical malpractice to rise to the level of a constitutional violation. Plaintiff's allegations suggest he disagrees with the proposed treatment plan. There is no indication that the Defendants were deliberately indifferent to his serious medical needs.

Moreover, Mona Parks is named as a Defendant because she denied Plaintiff's

grievance.  Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983.  *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).

## **CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


 /s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date:   7/28/14       United States District Judge